IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| LaQuinces D. Davis, | ) | Case No. 0:24-cv-00315-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Smith and Robinson Law Firm, South Carolina Insurance Reserve Fund, S.C. Dept. of Corrections, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge.  [Doc. 21.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

Plaintiff filed this action pro se.  [Doc. 1.]  On February 29, 2024, the Magistrate Judge issued the Report recommending that the action be summarily dismissed without prejudice and without issuance and service of process.  [Doc. 21.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 6.]  On March 18, 2024, the Clerk docketed Plaintiff's objections.  [Doc. 26.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). "Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

The Magistrate Judge recommends dismissing this action because Plaintiff has failed to plausibly allege a constitutional violation and has failed to name a defendant amenable to suit under § 1983. [Doc. 21.] In his objections, Plaintiff reiterates the

2

allegations in his Complaint, opposes dismissal, and generally states that the Magistrate Judge rearranged the facts to make the arguments seem different and/or frivolous. [Doc. 26.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>United States District Judge

May 8, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.